**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Siddharth Dadhich
Siddharth.Dadhich@usdoj.gov
Assistant U.S. Attorney
(503) 471-5565
*Reply to Portland Office*



**U.S.
DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 28, 2022

Benjamin Andersen
101 SW Madison St. #9068
Portland, OR 97207
t. (503) 860-2531

    Re:    *United States v. Heather Marth*, 22-cr-00107-SI
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority unless separately and independently agreed to by those authorities. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count 1 of the [Superseding *mrs*] Information, which charges Conspiracy in violation of 18 U.S.C § 1349.

3.    **Penalties**: The maximum sentence is thirty years' imprisonment, a fine of $1,000,000, five years of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Elements**: In order for defendant to be found guilty of Count 1 of the Information, the government must prove the following elements beyond a reasonable doubt:

> First, beginning on December 13, 2021, and continuing through on or about December 31, 2021, there was an agreement between two or more persons to commit the crime of Bank Fraud in violation of 18 U.S.C. § 1344;

Second, the defendant became a member of the conspiracy knowing at least one of its objects and intending to help accomplish it.

The elements for Bank Fraud in violation of 18 U.S.C. § 1344(1) follow:

First, the defendant knowingly executed or attempted to execute a scheme to defraud a financial institution as to something of value;

Second, the defendant did so with the intent to defraud the financial institution; and

Third, the financial institution was a financial institution as defined by 18 U.S.C. § 20.

6. **Offense Conduct**: Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. Defendant admits admissible evidence proves the elements of the offense alleged in Count 1 of the Information, and agrees that the following statements are true and could be proven beyond a reasonable doubt:

On or about December 13, 2021, and continuing through December 31, 2021, in the District of Oregon and elsewhere, defendant agreed with co-conspirators to knowingly execute or attempt to execute a scheme to defraud the following, Federal Deposit Insurance Corporation (FDIC) or National Credit Union Share Insurance Fund insured financial institutions: Columbia Bank (Oregon), Solarity Credit Union (Washington), Idaho Central Credit Union (Idaho), O Bee Credit Union (Washington), and Twinstar Credit Union (Washington).

Defendant became a member of the conspiracy knowing that its object was to execute or attempt to execute a scheme to defraud those financial institutions. The criminal scheme generally operated by the following steps: members of the scheme (1) traveled interstate to Washington, Idaho, Oregon and elsewhere (2) engaged in car prowls targeting vehicles driven by women that resulted in victims' stolen identification, checkbooks, and license plates, (3) used rented vehicles to travel in convoy to target financial institutions, and (4) used victim identification and checkbooks to dupe bank employees and fraudulently withdraw money from victims who had accounts at the above-listed financial institutions in Washington, Idaho, and Oregon.

Defendant's role in the criminal scheme was to physically impersonate a victim (using makeup, disguises, and/or a surgical/cloth mask) and use that victim's driver's license to cash a second victim's stolen and fraudulently written check. Throughout the scheme, defendant and co-conspirators relocated across jurisdictions, including the District of Oregon, Western District of Washington, Eastern District of Washington, and the District of Idaho, to evade law enforcement. Defendant's losses in the District of Oregon totaled $6,975 in actual losses and $4,283 in attempted losses. Throughout the District of Oregon, Western District of Washington,

Eastern District of Washington, and the District of Idaho, defendant's actions led to actual losses of $110,720 and an attempted loss of $8,566 (a total loss of $119,286).

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree the following sentencing guidelines calculation is accurate:

| Guideline Section | Offense Level |
|---|---|
| Base offense level, § 2B1.1(a) | 7 |
| Loss exceeding $95,000, § 2B1.1(b)(1)(E) | 8 |
| 10 or more victims, § 2B1.1(b)(2)(A)(i) | 2 |
| Relocation, § 2B1.1(b)(10) | 2 |
| Acceptance, USSG § 3E.1.1 | -3 |
| **Adjusted Offense Level** | **16** |

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

10. **Sentencing Recommendation**: The USAO will recommend the low-end guideline recommendation as long as defendant demonstrates an acceptance of responsibility as explained above.

11. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence more than that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range under the sentencing guidelines provisions. Defendant may seek any sentence under 18 U.S.C. § 3553.

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the

provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

A. **Transfer of Assets**

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

B. **Restitution**

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses caused by defendant's conduct. Defendant agrees that restitution may be owed until the time of sentencing to any victims who inform the government or the Court of any additional losses and that the Court will ultimately decide the amount of restitution.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

NATALIE K. WIGHT
United States Attorney

SIDDHARTH DADHICH
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11-29-2022
Date

HEATHER MARTH
Defendant

I represent the above-named client as legal counsel. I have carefully reviewed every part of this agreement with my client. To my knowledge, my client=s decision to make this agreement is an informed and voluntary one.

11/29/2022
Date

BENJAMIN ANDERSEN
Attorney for Heather Marth